# UNITIED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ROITHER PAULA ESBANO,**

    **Plaintiff,**

                                               **CASE NO.:**

v.

**STELLAR ENTERTAINMENT**
**GROUP, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROITHER PAULA ESBANO, by and through undersigned counsel, hereby brings this action against Defendant, STELLAR ENTERTAINMENT GROUP, INC., and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq., and the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has pendant jurisdiction over the state law claims. Venue is proper in this district because Defendant is in Sarasota County, which is in this district.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Sarasota County.

## PARTIES

4. Plaintiff is a resident of Montgomery County, Florida.

5. Defendant operates a circus in Sarasota, in Sarasota County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

11. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWCA, Fla. Stat. § 440.02(15)(a).

12. At all times material hereto, Defendant was an "employer" within the meaning of the FWCA, Fla. Stat. § 440.02(16).

## FACTS

13. Plaintiff began working for Defendant as a Performer in January 2020, and he worked in this capacity until March 1, 2021.

14. On or about November 2020, Plaintiff was injured at work. Specifically, Plaintiff injured his back in a motorcycle accident.

15. On or about November 2020, Plaintiff notified Defendant of the injury that he had suffered at work.

16. Defendant refused to provide workers compensation to Plaintiff at first and even denied that Plaintiff worked for Defendant when contacted by the hospital treating Plaintiff. However, Defendant is the petitioner named on Plaintiff's visa.

17. Under the FWCA, Plaintiff had a valid claim for benefits for the injury that he sustained at work, or, in the alternative, Plaintiff reasonably believed that he or she had a valid claim under the FWCA.

18. By attempting to pursue his right to file a valid Workers' Compensation claim, Plaintiff engaged in protected activity under the FWCA.

19. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

20. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

21. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

22. Plaintiff's disability also qualified as a handicap under the FCRA, and as such, Plaintiff is a member of a protected class under the FCRA.

23. Three days after his work related accident, Plaintiff returned to work but with restrictions.

24. Plaintiff requested light duty as a reasonable accommodation from Defendant's owner because of his restrictions, for instance he could not lift more than ten pounds.

25. Defendant denied Plaintiff's request for a reasonable accommodation.

26. On or about March 1, 2021, Defendant retaliated against Plaintiff for lawfully claiming benefits under the FWCA and requesting a reasonable accommodation by terminating Plaintiff's employment.

## **COUNT I –ADA VIOLATION**
## **(DISABILITY DISCRIMINATION)**

27. Plaintiff realleges and readopts the allegations of paragraphs 1-9, 13-15, and 19-26 of this Complaint, as though fully set forth herein.

28. Plaintiff is a member of a protected class under the ADA.

29. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

30. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation.

31. Defendant's actions were willful and done with malice.

32. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k)  For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

33. Plaintiff realleges and readopts the allegations of Paragraphs 1-9, 13-15, and 19-26 of this Complaint, as though fully set forth herein.

34. Plaintiff is disabled, or was perceived by Defendant as being disabled.

35. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

36. Defendant's actions were willful and done with malice.

37. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a)  A jury trial on all issues so triable;

b)  That process issues and that this Court take jurisdiction over the case;

c)  An injunction restraining continued violation of law enumerated herein;

d)  Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## **COUNT III – ADA RETALIATION**

38. Plaintiff realleges and readopts the allegations of paragraphs 1-9, 13-15, and 19-26 of this Complaint, as though fully set forth herein.

39. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

40. Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

41. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

42. Defendant's actions were willful and done with malice.

43. The adverse employment action that Defendant took against Plaintiff was material.

44. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

45. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 10, 13-15, and 19-26 of this Complaint, as though fully set forth herein.

46. Plaintiff is a member of a protected class under the FCRA.

47. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

48. Defendant's actions were willful and done with malice.

49. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    e)    Any other compensatory damages, including emotional distress, allowable at law;

    f)    Punitive damages;

    g)    Prejudgment interest on all monetary recovery obtained.

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

## COUNT V—FCRA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

50. Plaintiff realleges and readopts the allegations of Paragraphs 1-8, 10, 13-15, and 19-26 of this Complaint, as though fully set forth herein.

51. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

52. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

53. Defendant's actions were willful and done with malice.

54. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    a)    A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

### COUNT VI – FCRA RETALIATION

55. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 10, 13-15, and 19-26 of this Complaint, as though fully set forth herein.

56. Plaintiff is a member of a protected class under the FCRA.

57. Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

58. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

59. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant.

60. Defendant's actions were willful and done with malice.

61. Defendant took material adverse action against Plaintiff.

62. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

    f)     Front pay;

    g)     Any other compensatory damages, including emotional distress, allowable at law;

    h)     Punitive damages;

    i)     Prejudgment interest on all monetary recovery obtained.

    j)     All costs and attorney's fees incurred in prosecuting these claims; and

    k)     For such further relief as this Court deems just and equitable

## COUNT VII – WORKERS' COMPENSATION RETALIATION

63. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 11-18 and 26 of this Complaint, as though fully set forth herein.

64. Plaintiff engaged in protected activity under the FWCA by filing or attempting to file a valid Workers' Compensation claim for an injury that he suffered at work.

65. Defendant retaliated against Plaintiff for engaging in protected activity under the FWCA by terminating Plaintiff's employment.

66. Plaintiff was injured as a result of Defendant's violations of the FWCA, Fla. Stat. § 440.205.

***WHEREFORE***, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue, and that this Court take jurisdiction over the case;

13

    c)    That this Court enter a declaratory judgment stating that Defendant retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Compensatory damages, including damages recoverable for emotional distress allowable at law; and

    f)    For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 23rd day of May, 2022.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**